# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MIRSAD TIRIC, )
)
        Plaintiff, )
) Civil Action No. 08-15 Erie
)
        v. )
)
MICHAEL J. ASTRUE, )
Commissioner of Social Security, )
)
        Defendant. )

## MEMORANDUM OPINION

McLAUGHLIN, SEAN J., J.

    Presently pending before the Court is the Defendant's Motion to Remand [Doc. No. 12].

### I. BACKGROUND

    Plaintiff, Mirsad Tiric, commenced the instant action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of the final decision of the Commissioner of Social Security denying his claims for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. § 401 *et seq,* and § 1381 *et seq*. Plaintiff is seeking disability benefits due to post traumatic stress disorder ("PTSD"), alleging disability since January 1, 2005 (Administrative Record, hereinafter "AR", 68). In a written decision dated June 20, 2007, the ALJ found Plaintiff disabled beginning on November 22, 2006, but concluded he was not disabled prior to that date, i.e., between January 1, 2005 and November 21, 2006 (the "closed period") (AR 12-23). His request for review by the Appeals Council of the ALJ's decision relative to the closed period was denied (AR 4-7), rendering the Commissioner's decision final under 42 U.S.C. § 405(g).

    Plaintiff filed a motion for summary judgment arguing that the ALJ's decision was not supported by substantial evidence because the ALJ failed to address a report by his treating physician, Dr. Steven DeGroot, dated May 24, 2005, which supported his claim for disability for the closed period at issue. See Brief in Support pp. 4-6 [Doc. No. 9]. Recognizing the ALJ's omission, the Commissioner subsequently filed the instant motion to remand requesting that the case be remanded to the ALJ for his consideration of this report in the first instance. See

Defendant's Motion to Remand [Doc. No. 12]. Plaintiff opposes a remand arguing that the case should be reversed and an award of benefits "be immediately directed." See Plaintiff's Opposition to Remand p. 2 [Doc. No. 13]. For the reasons set forth below, we will deny the Commissioner's motion to remand and will reverse the decision of the ALJ and direct the Commissioner to award benefits from January 1, 2005 through November 21, 2006.

## II. DISCUSSION

A person is "disabled" within the meaning of the Social Security Act if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner uses a five-step evaluation process to determine when an individual meets this definition:

> In the first two steps, the claimant must establish (1) that he is not engaged in "substantial gainful activity" and (2) that he suffers from a severe medical impairment. *Bowen v. Yuckert*, 482 U.S. 137, 140-41 (1987). If the claimant shows a severe medical impairment, the [Commissioner] determines (3) whether the impairment is equivalent to an impairment listed by the [Commissioner] as creating a presumption of disability. *Bowen,* 482 U.S. at 141. If it is not, the claimant bears the burden of showing (4) that the impairment prevents him from performing the work that he has performed in the past. *Id.* If the claimant satisfies this burden, the [Commissioner] must grant the claimant benefits unless the [Commissioner] can demonstrate (5) that there are jobs in the national economy that the claimant can perform. *Ferguson v. Schweiker*, 765 F.2d 31, 37 (3rd Cir. 1985).

*Jesurum*, 48 F.3d at 117.

Here, the ALJ found that Plaintiff's PTSD was a severe impairment beginning on November 22, 2006 and he was unable to perform sustained work activity thereafter (AR 19-21). In making this finding, the ALJ accorded "great weight" to the opinion advanced by Dr. Glenn Bailey, Ph.D., who performed a consultative psychological evaluation of Plaintiff on November 22, 2006 (AR 20; 102-108). In this evaluation, Plaintiff reported that he was beaten and tortured while in Bosnia, had trouble sleeping, suffered from frequent headaches, nightmares and had difficulty concentrating (AR 102-104). Dr. Bailey noted that the Plaintiff experienced ongoing

2

symptoms of PTSD including feeling angry, anxious and depressed (AR 104). He diagnosed Plaintiff with PTSD and assigned him a Global Assessment of Functioning Score ("GAF") of 40, which indicates some impairment in reality testing or major impairment in several areas (AR 107-108).[1] Dr. Bailey opined that while Plaintiff was only slightly limited in his ability to understand, remember and carry out short, simple instructions and moderately limited in his ability to understand and remember detailed instructions, he was markedly limited in his ability to carry out detailed instructions and make judgments on simple work-related decisions, and was markedly limited in all work-related social interactions (AR 109).

The ALJ found however, that there was no medical evidence in the record that Plaintiff suffered from PTSD or any other mental condition between January 1, 2005 and November 2006 (AR 16). In this regard, the ALJ noted that a report dated May 10, 2005 by Dr. Steven DeGroot, Ph.D, generally referenced PTSD problems experienced by Bosnian War Refugees, but made no mention of Plaintiff in particular or any diagnosis of him (AR 16; 18; 90-91).

It is undisputed that the ALJ's decision does not discuss a handwritten report of Dr. DeGroot dated May 24, 2005 (AR 70; 75-76). In this report, Dr. DeGroot stated that Plaintiff was placed in one of the worst concentration camps during the Bosnian War, was beaten and tortured to the point of unconsciousness and witnessed many family members and friends being tortured and killed (AR 75). Dr. DeGroot concluded that Plaintiff suffered from PTSD and major depression for which he took medication (AR 75). Per Dr. DeGroot's report, Plaintiff reportedly suffered from nightmares and flashbacks, was unable to sleep more than two or three hours at a time, had frequent crying spells, no interest in daily activities and was unable to

---

[1]The GAF score considers psychological, social, and occupational functioning on a hypothetical continuum of mental health-illness. Scores between 31 and 40 indicate "[s]ome impairment in reality testing or communication (e.g., speech is at times illogical, obscure, or irrelevant) OR major impairment in several areas, such as work or school, family relations, judgment, thinking, or mood (e.g., depressed man avoids friends, neglects family, and is unable to work; ...)." *See Diagnostic and Statistical Manual of Mental Disorders: DSM-IV-TR* 34 (4th ed. 2000).

3

concentrate (AR 75). Dr. DeGroot found that Plaintiff had poor short term memory skills and difficulty processing cognitive information (AR 75). Plaintiff also had difficulty interacting with his family and friends (AR 76). Dr. DeGroot opined that as a result of his PTSD, Plaintiff had been unable to work since December 1, 2004 and his overall functioning had been significantly diminished (AR 68; 75-76).

The ALJ's conclusion that Plaintiff's PTSD did not result in a severe impairment and/or impose any functional limitations until November 22, 2006 is flatly contradicted by Dr. DeGroot's May 24, 2005 handwritten report. In evaluating a claim for benefits, the ALJ must consider all of the evidence in the case. *See Plummer v. Apfel*, 186 F.3d 422, 429 (3rd Cir. 1999). The failure to discuss this evidence constitutes an error of law because "the [Commissioner] must 'explicitly' weigh all relevant, probative evidence which would suggest a contrary disposition." *See Adorno v. Shalala*, 40 F.3d 43, 48 (3rd Cir. 1994).

This error requires us to vacate the Commissioner's decision. The question remains, however, as to whether the case should be remanded to the Commissioner for further proceedings or reversed with a direction that benefits be awarded. The Third Circuit has stated that the decision to direct an award of benefits should be made "only when the administrative record of the case has been fully developed and when substantial evidence on the record as a whole indicates that the claimant is disabled and entitled to benefits." *See Podedworny v. Harris*, 745 F.2d 210, 221-22 (3rd Cir. 1984).

Here, the record contains unrebutted medical evidence from a treating physician that as a result of Plaintiff's PTSD he suffered from a severe impairment rendering him unable to work since December 2004. "In determining the date of onset of disability, the date alleged by the individual should be used if it is consistent with all the evidence available." *Walton v. Halter,* 243 F.3d 703, 708 (3rd Cir. 2001). "However, the established onset date must be fixed based on the facts and can never be inconsistent with the medical evidence of record." *Id*. The ALJ's conclusion is inconsistent with Dr. DeGroot's report of May 24, 2005. We also find it significant

that Dr. Bailey's report, upon which the ALJ relied for awarding benefits after November 22, 2006, documented the same symptoms, (i.e., nightmares, trouble sleeping and difficulty concentrating), and included the same diagnosis of PTSD as contained in Dr. DeGroot's report of May 24, 2005.

In short, there is simply no need for further fact-finding or evidentiary questions to be resolved on remand. *Morales v. Apfel,* 225 F.3d 310 (3rd Cir. 2000); *Allen v. Bowen,* 881 F.2d 37 (3rd Cir. 1989). Since we conclude that there is a lack of substantial evidence to support the ALJ's finding that Plaintiff was not disabled during the closed period, we shall reverse the Commissioner's decision and direct that an award of benefits be made to Plaintiff consistent with this Memorandum Opinion.

### III. Conclusion

An appropriate Order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MIRSAD TIRIC,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>    Defendant. | Civil Action No. 08-15 Erie |

## **ORDER**

AND NOW, this 23rd day of July, 2008, and for the reasons stated in the accompanying Memorandum Opinion,

IT IS HEREBY ORDERED that Defendant's Motion to Remand [Doc. No. 12] is DENIED; the Commissioner's denial of benefits for the period from January 1, 2005 through November 21, 2006 is VACATED and REVERSED. The Commissioner is directed to calculate an award of benefits for the period from January 1, 2005 through November 21, 2006.

The clerk is hereby directed to mark the case closed.

                     s/ Sean J. McLaughlin
                     United States District Judge

cm: All parties of record.